UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVYNE VEGA and<br>KERRI VEGA<br>    Plaintiff,<br><br>VS.<br><br>AMERICAN CAPITAL ASSURANCE<br>CORPORATION and JAMES EDWIN<br>DILDAY<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Defendant, ASI Lloyds, incorrectly named as American Capital Assurance Corporation hereby files this Notice of Removal, under Title 28, U.S.C. §1441(a), to remove an action filed against it in the 253rd Judicial District Court of Chambers County, Texas to the United States District Court for the Southern District of Texas. In support of this removal, Defendant would show the Court as follows:

### I.
### STATE COURT ACTION

1. On or about March 10, 2017, Plaintiffs initiated a lawsuit in the 253rd Judicial District Court of Chambers County, Texas, with the following cause number and caption: Cause No. CV30821, *Kevyne Vega and Kerri Vega v. American Capital Assurance Corporation and James Edwin Dilday*, in the 253rd District Court of Chambers County, Texas. *See* Plaintiff's Original Petition, Exhibit B.

2. Plaintiff's Original Petition alleges various causes of action against Defendant American Capital Assurance Corporation for breach of the duty of good faith and fair dealing,

breach of the insurance contract, violations of the Texas Deceptive Trade Practices Act (DTPA), including Chapter 541 of the Texas Insurance Code, and violations of Chapter 542 of the Texas Insurance Code. *See* Exhibit B. Plaintiff also included James Edwin Dilday as an adjuster, alleging factually only that Mr. Dilday inspected the property and apparently alleging cause(s) of action for DTPA/ Chapter 541 violations against Mr. Dilday as Plaintiff uses the term "Defendants" rather than "Defendant" in those allegations. *See* Exhibit B at ¶ 13 and Count 3, ¶¶ 24-26.

## II.
## DEFENDANT'S NOTICE OF REMOVAL IS TIMELY

3. Service was made on Defendant ASI Lloyds, incorrectly named as American Capital Assurance Corporation, by Certified Mail sent on March 23, 2017, and the summons and pleading was received by ASI on March 29, 2017. *See* Exhibit A. Service was also made on Defendant James Edwin Dilday via Certified Mail, with the summons and pleading being received by Mr. Dilday on March 28, 2017.

4. Defendants ASI Lloyds and James Dilday each filed an answer on April 17, 2017. *See* Exhibits C & D. Though Plaintiff pled his allegations against American Capital Assurance Corporation, an affiliate of ASI Lloyds, ASI Lloyds answered the lawsuit as the insurance policy at issue in this lawsuit was issued by ASI Lloyds, and ASI Lloyds was responsible for the investigation and coverage decision relating to the insurance claim. American Capital Assurance Corporation played no part in Plaintiff's insurance claim made the basis of the lawsuit.

5. No further pleadings have been filed, and no proceedings have yet occurred in the Chambers County action. ASI, therefore, timely files this Notice of Removal within the 30-day time period required by 28 USC § 1446(b).

6. ASI need not obtain James Edwin Dilday's consent to removal as he was improperly joined. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir 1993). Nevertheless, Mr. Dilday has consented to removal.

7. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 USC § 1446(b)(2)(B). The 30 day period runs from the actual receipt of the summons and complaint where, as here, both were served together. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354, 119 S.Ct. 1322, 1328-29(1999). Therefore, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within 30 days from the date Defendant ASI received the summons and complaint.

### III.
### VENUE IS PROPER

8. Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embraces Chambers County, and the removed action has been pending in a District Court of Chambers County.

### IV.
### PARTIES

9. On information and belief, based upon representations in Plaintiff's Original Petition, Plaintiff is a Texas resident. *See* Exhibit B at ¶ 1.

10. Defendant ASI Lloyds is a Lloyds entity comprising of underwriting members all of whom are citizens of the State of Florida. "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined . . . solely by the citizenship of its members." *See Massey v. State*

*Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes). Accordingly, ASI Lloyds is not a citizen of the State of Texas, but instead deemed to be a citizen of the State of Florida. ASI Lloyds also has its principal office in St. Petersburg, FL.

11. Plaintiff incorrectly named American Capital Assurance Corporation, an affiliate, as the Defendant. For purposes of determining diversity, however, American Capital Assurance Corporation is also incorporated in Florida and has a principle office in St. Petersburg, Florida.

12. Defendant James Edwin Dilday is a licensed independent adjuster who resides in Houston, Texas. As explained below, however, Mr. Dilday has been fraudulently joined as a Defendant in this action.

## V.
## BASIS FOR REMOVAL

13. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

    **A.** **Removal is proper because there is complete diversity and Plaintiff's claimed damages exceed this court's jurisdictional threshold of $75,000.**

14. Removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and the only properly-joined defendant, ASI Lloyds (incorrectly named as American Capital Assurance Corporation), and because the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees.

15. In Plaintiff's Original Petition, Plaintiff seeks damages of "over $200,000 but not more than $1,000,000." *See* Exhibit B at ¶ 2. Thus, it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum of $75,000.01.

16. Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 18 U.S.C. § 1332(a)(1)-(2). There is now, and was at the time this action was filed, complete diversity between Plaintiff and the only properly-joined defendant, ASI Lloyds (incorrectly named as American Capital Assurance Corporation). The citizenship of the improperly-joined defendant, James Edwin Dilday, should be disregarded for purposes of determining whether diversity jurisdiction exists. *See Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000).

**B.   There is no reasonable basis in which Plaintiff can establish a cause of action against the non-diverse defendant.**

17. Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal. *See Castellanos v. Bridgestone Corp.*, 215 F.Supp.2d 862, 864 (S.D. Tex. 2012); *Cavallini v. State Farm Mutual*, 44 F.3d 256, 262 (5th Cir. 1995). To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts. *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

18. Here, the first clearly applies. The standard for such an inquiry is whether the defendant has demonstrated that "there is no reasonable basis . . . to predict that the plaintiff

might be able to recover against an in-state defendant. *Neubauer v. Logan's Roadhouse of Texas, Inc.*, Civil Action No. L-09-81, 2009 WL 4263471, at *3 (S.D. Tex. Nov. 24, 2009) (citing *Smallwood*, 385 F.3d at 573). The mere hypothetical possibility that an action against the non-diverse defendant could exist is not enough to preclude a finding of improper joinder. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "To the contrary, whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs'' allegations and the pleaded theory of recovery." *Id.*

19. In *Griggs v State Farm Lloyds*, the Fifth Circuit rejected an argument that an insurance agent was properly joined merely because Texas Insurance Code art. 21.21 (now codified in Chapter 541) could hypothetically be proven against an insurance agent in some circumstances under Texas law. *Id.* at 181 F.3d 694, 701 (5th Cir. 1999). Rather, the Fifth Circuit required that the pleadings provide a "factual fit between the plaintiffs' allegations and the pleaded theory." *Id.* As in *Griggs*, Plaintiff Vega's pleading in this case provides no specific facts and no specific allegations of wrongdoing as to Dilday. Instead, the allegations simply reference that "Defendants" (rather than just "Defendant" ASI) have conducted themselves in a manner violating near-verbatim recitations of DTPA and Insurance Code standards. The "Facts" section is equally bare, stating only that "[o]n December 11, 2015 . . . Dilday inspected the property in question." *See* Exhibit B at ¶ 13.

20. This court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the petition to determine whether the petition states a claim under state law against the non-diverse defendant. *Smallwood.*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, where a plaintiff has stated a claim, but has misstated or omitted *discrete facts* that would determine the propriety of joinder,

the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* Under 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice[.]" *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Or, as the Supreme Court has advised, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary for relief." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006).

21. The Southern District of Texas has held that merely using the term "defendants" in the pleadings does not render the petition one that states specific, factually-based claims against each named defendant. *See Druker v. Fortis Health*, 2007 WL 38322 at *3-4 (S.D. Tex. Jan. 4, 2007) (citing *Cavallini*, 44 F.3d at 260). In fact, the Southern District of Texas has repeatedly found that formulaic and boilerplate pleadings against an adjuster, like Vega's petition, are insufficient to properly join a non-diverse adjuster defendant. *See e.g., Nasti v. State Farm Lloyds*, NO. 4:13–CV–1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions [were] indistinguishable from the insurer's actions and hence . . . insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12–CV–3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (finding that allegations that an

inspector conducted a substandard investigation that led to an underpayment of claims failed to distinguish the claims against the inspector from the claims against the insurer); *Dalton v. State Farm Lloyds, Inc.*, No. H-12-3004, 2013 WL 3157532 (S.D. Tex. June 19, 2013)(finding that an adjuster was fraudulently joined even though Insurance Code Ch. 541 claims could theoretically be brought against an adjuster, because the adjuster was minimally mentioned in the pleading and the allegations provided no facts establishing a plausible claim); *Okenkpu v. Allstate Texas Lloyd's*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. 2012) (denying motion for remand as the plaintiff failed to adequately plead a reasonable factual basis for predicting that state law would allow recovery against the adjuster); *Jimenez v. Travelers Indemnity Co.*, No. H-09-13-8, 2010 WL 1257802 (S.D. Tex March 25, 2010) (denying motion to remand as the allegations against the adjuster failed to include any specific facts demonstrating actionable conduct by the adjuster, or differentiating the conduct of the two defendants); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) (denying the motion to remand as the pleading as to the adjuster failed to allege any facts illustrating what actions were attributable to the adjuster); *Ardila v. State Farm Lloyds*, No. Civ.A. H-01-0454, 2001 WL 34109378 (S.D. Tex. 2001) (finding that the inclusion of two employees of the insurer to be fraudulent joinder as there were no allegations of specific actionable conduct by the employees); *Bailey v State Farm Lloyds*, 2001 WL 34106907 (S.D. Texas 2001) (finding that the two claims adjusters for the insurer were fraudulently joined where there was no "factual fit between the plaintiffs' allegations and the pleaded theory of recovery, because the claims adjusters roles were never described); *Hansen v. State Farm Lloyds*, 2001 WL 34109375 (S.D. Tex. 2001) (finding that an employee agent of the insurance company was fraudulently joined where no specific actionable conduct was pled against the employee agent).[1]

---

[1] Other Federal District Courts in Texas have likewise found diversity jurisdiction under similar circumstances.

22. *Dalton v. State Farm Lloyds* is instructive. The plaintiff in that case had pled allegations against State Farm and an independent adjuster, Stewart Brown. *Dalton*, No. H-12-3004, 2013 WL 3157532 * 1 (S.D. Tex. June 19, 2013). The Southern District of Texas, agreed with the plaintiff that theoretically an insurance adjuster could be sued under Texas Insurance Code Ch. 541 and the DTPA, but found that three mere sentences of facts referencing Brown along with "formulaic regurgitation of the elements of the DTPA and Texas Insurance Code" were insufficient to sufficiently allege a cause of action against Brown. *Id.* at * 2, 6. The court analyzed the pleadings and determined that the pleadings were minimal and provided no factual support for the allegations against Brown:

> For the most part the allegations merely track the statutory provisions, alleging only that Brown inspected the Property and that he submitted an undervalued repair estimate to State Farm. These actions can be accomplished by State Farm through an agent, and as such, are **indistinguishable from State Farm's actions. No specific misrepresentation by Brown to Plaintiff is pleaded nor any specified deficiencies determined during his investigation or contained in his report are alleged.** Plaintiff's conclusory claim against Brown, individually, for insufficient investigation and undervaluing the claim, presumably incorporated into a report to State Farm, is insufficient to establish the possibility of a claim

---

*Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3-13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code); *Jones v. Allstate Ins. Co.*, No. 3:13–cv–4027–BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Houston v. National Casualty Co.*, No. 3:13-cv-0024, 2013 WL 12126266 (N.D. Tex. July 1, 2013)(denying a motion for remand where allegations against an adjuster were formulaic and included no factual details); *Green v. Nationwide Mut. Ins.Co.*, No. A–12–CV–600 LY, 2012 WL 5188031 (W.D. Tex, Oct. 17, 2012) (finding improper joinder where the original petition failed to allege any individual acts by the adjuster that would show a reasonable basis for the cause of action against the adjuster under the Texas Insurance Code or the DTPA); *Leinneweber v. Unicare Life & Health Ins. Co.*, No. A-09-CA-657-SS, 2009 WL 3837873 (W.D. Tex., Nov. 12, 2009) (finding fraudulent joinder where the factual allegations in the complaint were mere recitations of the elements of the causes of action all directed to generic defendants); *Doucet v. State Farm Fire and Casualty Co.*, No. 1:09-CV-142, 2009 WL 3157478 (E.D. Tex. Sept 25, 2009) (finding diversity of jurisdiction where the pleading did not contain facts regarding how the adjuster was liable, because "merely asserting a laundry list of statutory violations without factual support as to *how* a non-diverse defendant violated the statute will not suffice); *First Baptist Church of Mauriceville v. Guideone Mutual Ins. Co.*, No. 1:07-CV-988 (E.D. Tex. Sept. 29, 2008) (denying motion for remand where the petition contained no factual allegations as to why the independent adjuster should be liable under Ch. 541 of the Insurance Code); *Dougherty v. State Farm Lloyds*, No. 401CV0611A, 2001 WL 1041817 * 2 & n. 1 (N.D. Tex. 2001) (refusing to remand based upon allegations against a non-diverse adjuster, where there were no specific facts alleged against the adjuster, and the only damages alleged were for failure to pay insurance proceeds).

against him individually for violation of the Texas Insurance Code and/or the DTPA.

*Id.* Thus, the court found diversity jurisdiction over the action and denied the plaintiff's motion to remand. *Id.*

23. Here, there is no reasonable basis for predicting that Plaintiff might establish liability against Dilday. Plaintiff's pleadings in this case present even more minimal facts regarding Dilday than the allegations plead in *Dalton*. In Plaintiff's Original Petition, the only factual reference to Defendant Dilday states "[o]n December 11, 2016, on behalf of American Capital, Dilday inspected the property in question."[2] *See* Exhibit B at ¶ 12. Thus, the analysis of Plaintiff's pleading results in even less specific allegations of an actionable claim. Like *Dilday*, the assertions of the Insurance Code and DTPA claims were merely boilerplate or "formulaic" pleadings. *Id.* at ¶¶ 24-29. In fact, Dilday is never even mentioned by name in the section alleging the Insurance Code/ DTPA claims. Instead, Plaintiffs refer only to "Defendants."

24. As Plaintiff Vega has failed to plead a factual fit between his allegations and his theories alleged against Defendant Dilday, it is clear the Defendant Dilday was improperly joined in this lawsuit. As such, diversity jurisdiction exists.

## VI.
## COMPLIANCE WITH 28 U.S.C. § 1446

25. In accordance with 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, Defendant files this Notice of Removal accompanied by the following exhibits:

- All executed process in the case, attached as Exhibit A.
- Plaintiff's Original Petition, attached as Exhibit B.
- Defendant ASI Lloyds' Original Answer, attached as Exhibit C.

---

[2] Though not significant for the issue at hand, Mr. Dilday actually inspected the property in September 2015 on behalf of IAS Claims, the independent adjusting company assigned by ASI Lloyds.

- Defendant, James Edwin Dilday's Answer, attached as Exhibit D.

- State Court Docket Sheet, attached as Exhibit E.

- An index of exhibits being filed, attached as Exhibit F.

- The list of all counsel of record, including addresses, telephone numbers and parties, attached as Exhibit G.

## VII.
## JURY DEMAND

26.     Plaintiff demanded a jury trial in the state court action.

## VIII.
## CONCLUSION

27.     In sum, under Texas law, Plaintiff has improperly joined James Edwin Dilday merely in order to attempt to destroy diversity jurisdiction.

28.     Concurrent with the filing of this Notice of Removal, the Defendant gives written notice to all parties and will promptly file a copy with the clerk of the state court as required by 28 U.S.C. § 1446(d) to effect removal.

29.     Therefore, Defendant hereby provides notice that this action is duly removed.

Respectfully submitted,

HICKS THOMAS LLP

BY: _____

JAMES R. OLD, JR. - ATTORNEY-IN-CHARGE
STATE BAR NO. 15242500
S.D. TEX. NO. 10751
EMAIL: JOLD@HICKS-THOMAS.COM
JERRY W. FANCHER JR. - OF COUNSEL
STATE BAR NO. 24025900
S.D. TEX. NO. 98608
EMAIL: JFANCHER@HICKS-THOMAS.COM
2615 CALDER, SUITE 720
BEAUMONT, TEXAS 77702
TELEPHONE: (409) 241-7252
TELECOPIER: (409) 419-1733

ATTORNEYS FOR DEFENDANT,
ASI LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2017, a true and correct copy of the above foregoing instrument was forwarded to all known counsel of record

Danny Ray Scott                         **VIA TELECOPY (409) 833-5405**
350 Pine Street, Suite 1419
Beaumont, Texas 77701

_____
James R. Old, Jr.