Filed
3/10/2017 11:52:02 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By: _____ Deputy

CAUSE NO. _____CV30821_____

| | | |
|---|---|---|
| KEVYNE VEGA and | § | IN THE DISTRICT COURT |
| KERRI VEGA, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 253rd  JUDICIAL DISTRICT |
| | § | |
| | § | |
| AMERICAN CAPITAL ASSURANCE | § | |
| CORPORATION and JAMES EDWIN DILDAY | § | |
|     Defendants. | § | CHAMBERS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs, Kevyne Vega and Kerri Vega, files this original petition and request for disclosure against defendants, American Capital Assurance Corporation and James Edwin Dilday, and alleges as follows:

#### A. DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

#### B. RELIEF

2.    Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

#### C. PARTIES

3.    Plaintiffs, Kevyne Vega and Kerri Vega, are residents of Chambers County and citizens of the state of Texas.

Page 1 of 8



4.     Defendant, American Capital Assurance Corporation (hereinafter referred to as "American Capital"), is a foreign insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.     Defendant, James Edwin Dilday, is an individual and resident of Harris County, Texas and a citizen of the State of Texas and may be served with process at 134 Vintage Park Blvd., Apt. #A122, Houston, Texas 77070.

### D. JURISDICTION

6.     This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. VENUE

7.     Venue is mandatory and proper in Chambers County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. FACTS

8.     Plaintiffs are the owners of a homeowner insurance policy, policy number TXL485813, issued by the Defendant (hereinafter referred to as the "Policy").

9.     Plaintiffs own the insured property that is specifically located at 221 Caroline Trail, Anahuac, Texas 77514 (hereinafter referred to as the "Property").

10.     Defendant or its agent sold the Policy, insuring the property, to Plaintiffs.

11.    On or about September 17, 2015, Plaintiffs' property sustained extensive fire damage. Plaintiffs filed a claim with their insurance company, American Capital, for the damages to their home caused by the fire.

12.    Plaintiffs submitted a claim to American Capital against the Policy for damage caused to the property as a result of the fire.  Plaintiffs asked American Capital to cover the cost to replace the Property and damaged contents pursuant to the Policy and any other available coverages under the Policy.  American Capital assigned claim number 340705-154402 to Plaintiffs' claim.

13.    On December 11, 2015, on behalf of American Capital, Dilday inspected the property in question. The fire rendered the property a total loss.  American Capital determined that the insurance policy covered the loss.  However, American Capital issued a payment that was insufficient to cover the damage the fire caused to the property.

### G. COUNT 1 – BAD FAITH

14.    Plaintiffs were insureds under an insurance contract issued by American Capital, which gave rise to a duty of good faith and fair dealing.

15.    Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

16.    Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in the following damages:

      a.    mental anguish damages; and

      b.    loss of policy benefits.

17.   Exemplary damages.   Plaintiffs suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### H. COUNT 2 - BREACH OF CONTRACT

18.   In addition to other counts, American Capital breached its contract with plaintiffs.

19.   Plaintiffs and defendant entered into a valid and enforceable insurance contract.   The contract provided that defendant would pay the replacement cost of any and all damage which occurred to plaintiffs' property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

20.   Plaintiffs fully performed plaintiffs' contractual obligations.

21.   Defendant breached the contract by refusing to pay the full amount of the cost to repair or replace the property.

22.   Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

23.   Attorney Fees.   Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to American Capital.   American Capital did not tender the amount owed within 30 days of when the claim was presented.

### I. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

24.   Plaintiffs gave defendants notice of plaintiff's claim at least 61 days before filing suit, under the terms of Teas Insurance Code section 541.154.

25.   Defendants' acts or practices violated:

a.   Texas Insurance Code chapter 541, subchapter B.

(1)    Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2)    Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3)    Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4)    Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5)    Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6)    Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7)    Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b.   Texas Deceptive Trade Practices Act §17.46(b).

(1)    Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

     c.     Texas Insurance Code Chapter 541.151.

26.   Defendants' acts and practices were a producing cause of injury to plaintiffs which resulted in the following damages:

     a.     actual damages; and

     b.     insurance policy proceeds.

27.   Plaintiff seeks damages within the jurisdictional limits of this Court.

28.   Additional damages. Defendants acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

29.   Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### J. LATE PAYMENT OF CLAIMS

30.   Plaintiffs were insureds under a contract for homeowner's insurance issued by defendant.

31.   Defendant American Capital is a corporation.

32.   Plaintiffs suffered a loss covered by the policy and gave proper notice to American Capital of plaintiffs' claim.

33.   Defendant is liable for the claim and had a duty to pay the claim in a timely manner.

34.   Defendant breached the duty by not timely:

     a.     acknowledging the claim;

     b.     investigating the claim;

     c.     requesting information about the claim;

     d.     paying the claim after wrongfully rejecting it; and

e.    paying the claim after accepting it.

35.   Defendant's breach of duty caused injury to plaintiffs, which resulted in the following

damages:

a.    mental anguish damages;

b.    policy proceeds;

c.    prejudgment interest

36.   <u>Statutory damages.</u>  Plaintiffs are entitled to recover actual damages in the amount of

the claim, and under Teas Insurance Code section 542.060(a), statutory damages of 18% of the

amount of the claim.

37.   <u>Attorney fees.</u>  Plaintiffs are entitled to recover reasonable attorney fees under Texas

Insurance Code section 542.060(b).

### K. JURY DEMAND

38.   Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

### L. CONDITIONS PRECEDENT

39.   All conditions precedent to plaintiff's claim for relief have been performed or have

occurred.

### M. REQUEST FOR DISCLOSURE

40.   Under Texas Rule of Civil Procedure 194, plaintiffs request that defendants disclose,

within 50 days of the service of this request, the information or material described in Rule 194.2.

### N. PRAYER

41.   For these reasons, plaintiffs ask that the Court issue citation for defendants to appear

and answer, and that plaintiff be awarded a judgment against defendant for the following:

a.   Actual damages.

b.   Statutory damages.

c.   Prejudgment and postjudgment interest.

d.   Court costs.

e.   Attorney fees.

f.   All other relief to which plaintiff is entitled.

Respectfully Submitted,

SCOTT LAW OFFICES
350 Pine Street, Suite 1419
Beaumont, Texas 77701
Telephone: (409) 833-5400
Facsimile: (409) 833-5405


*/s/Danny Ray Scott*
Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiffs*